Michael J. McCue
State Bar No. 6055
Jonathan W. Fountain
State Bar No. 10351
Zachary T. Gordon
State Bar No. 13133
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996
Tel:  702.949.8200
Fax: 702.949.8398
E-mail: mmccue@lrrlaw.com
          jfountain@lrrlaw.com
          zgordon@lrrlaw.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BELLAGIO, LLC, a Nevada limited liability company, and MIRAGE RESORTS, INC., a Nevada corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>A N BELLAGIO SALON & STUDIO, INC., a New York corporation,<br><br>Defendant. | CASE NO.  2:15-CV-00669-JCM-NJK<br><br>ORDER GRANTING **PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO SERVE THE SUMMONS AND COMPLAINT**<br><br>**(Second Request)** |

Plaintiffs Bellagio, LLC and Mirage Resorts Incorporated ("Plaintiffs") hereby moves the Court for a 30-day extension of time to serve the Summons and Complaint.

### STATEMENT OF FACTS

Plaintiffs filed the Complaint on April 13, 2015.  (Doc. 1.)  Plaintiffs had 120 days to serve the Summons and Complaint (*i.e.*, until August 11, 2015).  Fed. R. Civ. P. 4(m).  On August 11, 2015, Plaintiffs filed an *ex parte* motion seeking a 30-day extension of time to serve the Summons and Complaint.  (Doc. 7.)  Plaintiffs' motion set forth five reasons why good cause existed for the requested extension:

- Plaintiffs' counsel sent a courtesy copy of the Complaint to Defendant along with a letter, giving Defendant actual notice of the pendency of this action . . .

6507784_1

- [T]here is no indication that Defendant would suffer any prejudice . . .

- [A]n extension of time may allow the parties to settle the case . . .

- Defendant has not been formally served to facilitate settlement and conserve costs . . . [and]

- [I]f the Complaint were dismissed, Plaintiffs would be prejudiced to the extent [they] would have to incur the additional time, expense, and burden of re-filing this action.

(Doc. 7, Plaintiffs' *Ex Parte* Motion for Extension of Time to Serve the Summons and Complaint.)

The Court denied the motion, finding that "Plaintiffs failed to establish compelling reasons for filing their motion on an *ex parte* basis . . . ." (Doc. 8, Order Denying *Ex Parte* Motion at 1, l. 19.) The Court did not reach the issue of whether good cause exists for the requested extension. (*Id*.)

On August 25, 2015, the Court served Plaintiffs with its Notice of Intention to Dismiss Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. 9.)

Plaintiffs filed their response to the notice on August 28, 2015. (Doc. 10.) In their response, Plaintiffs sought a 30-day extension of time to serve the Summons and Complaint. (*Id*.) Later that same day, the Clerk of the Court served Plaintiffs with a notice directing Plaintiffs' counsel to file a separate motion seeking an extension of time. (Doc. 11.)

## **LEGAL STANDARD**

Rule 4 of the Federal Rules of Civil Procedure governs service of process in a civil action. *See generally*, Fed. R. Civ. P. 4. Subpart (m) of the rule sets forth the time period during which service must occur. *Id*. It states, in relevant part, the following:

> Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. **But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.**

Fed. R. Civ. P. 4(m). (Emphasis added.)

6507784_1                                                    2

1 Rule 4(m) requires a two-step analysis in deciding whether to extend the time for service of the summons and complaint. *In re Sheehan*, 235 F.3d 507, 512 (9th Cir. 2001). First, upon a showing of good cause, the court must extend the time period. *Id*. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period. *Id*. "[A]t a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). In *Boudette*, the Ninth Circuit stated that a plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id*. (citing *Hart v. United States*, 817 F.2d 78, 80–81 (9th Cir. 1987)). The Ninth Circuit has not articulated specific factors for a district court to apply when exercising its discretion in the absence of a showing of good cause. *In re Sheehan*, 253 F. 3d at 512. However, the court's discretion is broad. *Id*.

## ARGUMENT

Good cause exists for Plaintiffs' failure to serve the Summons and Complaint within the time provided by Rule 4(m), and the Court should grant Plaintiffs a modest 30-day extension of time (*i.e*., until September 10, 2015) to serve the Summons and Complaint, for the following reasons.

On July 14, 2014, Plaintiffs' counsel sent a courtesy copy of the Complaint to Defendant along with a letter, giving Defendant actual notice of the pendency of this action. The parties attempted to contact Defendant after filing suit to try to settle the case. The Defendant did not respond to multiple inquiries. Plaintiffs' counsel sought in good faith to extend the time for service of process prior to the expiration of the 120 day period for service. Plaintiffs did so on an *ex parte* basis, because the Defendant had not entered an appearance. However, the Court denied the motion. Accordingly, Plaintiffs are now seeking a 30-day extension with notice to the Defendant.

Upon receiving the Court's notice of intent to dismiss, Plaintiffs promptly served the Summons and Complaint upon Defendant. The Summons and Complaint were served upon Defendant's Chief Executive Officer, Mr. Aharon Nathnov, on August 27, 2015, just 16 days after

the original August 11, 2015 deadline for serving the Summons and Complaint. Defendant unquestionably has actual notice of this action and the additional 16 days would not cause any prejudice to the Defendant.

In contrast, if the Complaint is dismissed at this time, Plaintiffs will be prejudiced to the extent they will have to expend additional time on this matter and incur additional costs in the form of filing fees and attorneys' fees necessary to re-file this action and re-serve the Summons and Complaint.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs a 30-day extension of time to serve the Summons and Complaint up to and including September 10, 2015.

DATED: this 28th day of August, 2015.

LEWIS ROCA ROTHGERBER LLP

By: s/ Jonathan W. Fountain
Michael J. McCue
State Bar No. 6055
E-mail:   mmccue@lrrlaw.com
Jonathan W. Fountain
State Bar No. 10351
E-mail:   jfountain@lrrlaw.com
Zachary T. Gordon
State Bar No. 13133
E-mail:   zgordon@lrrlaw.com
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996
Tel: 702.949.8200
Fax: 702.949.8398

*Attorneys for Plaintiffs*

IT IS SO ORDERED.
Dated:  August 31, 2015

_____
United States Magistrate Judge

6507784_1

4